IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN A. HARRISON,

      Petitioner,                       No. CIV S-05-1546 MCE GGH P

      vs.

ROSEANNE CAMPBELL, et al.,

      Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1999 petitioner was convicted of first degree murder, (Cal. Penal Code § 187), arson of a structure (Cal. Penal Code § 451(a)), and attempted arson (Cal. Penal Code §§ 664, 451(c)). In addition, the jury found that petitioner committed the murder under the special circumstances of lying in wait, intentionally, by the infliction of torture, and while engaged in the commission of a burglary. (Cal. Penal Code § 190.2(a)(15), (a)(17) and (a)(18)). Petitioner was sentenced to life in prison without the possibility of parole.

      On August 2, 2005, petitioner filed the original petition. This action is proceeding on the petition filed October 5, 2005, as to the following claims:

/////

1. Claim 1: ineffective assistance of counsel based on counsel's failure to produce evidence that would enable the jury to interpret the dispatch logs; failing to refute evidence that implied that petitioner arrived home within a window of time inconsistent with the testimony of the alibi witnesses; and failing to explain to the jury how the dispatch logs, in conjunction with Monique Jones' testimony, support petitioner's alibi defense.

2. Claim 2: ineffective assistance of counsel based on counsel's failure to advise petitioner of his right to testify on his own behalf.

3. Claim 3: ineffective assistance of counsel for calling two witnesses who could offer only inculpatory evidence.

4. Claim 4: jury instruction error regarding CALJIC No. 2.92.

5. Claim 5: jury instruction error regarding interpretations of Punjabi speaking witnesses.

Pending before the court is respondent's November 16, 2005, motion to dismiss on grounds that this action is barred by the statute of limitations. On March 23, 2006, oral argument was held regarding this motion. John Duree appeared on behalf of petitioner. Paul O'Connor appeared on behalf of respondent. After carefully reviewing the record, the court recommends that respondent's motion be granted.

II. Issues

The limitations analysis is complex, and the parties fail to recognize that *two* separate limitations periods apply to the various claims with two different commencement dates: (1) the one year rule of 28 U.S.C. §2244(d)(1)(A) to all claims save the newly discovered evidence regarding the dispatch logs; and (2) with respect to the dispatch records claim, the rule that the statute of limitations does not commence until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, § 2244(d)(1)(D). Of course, tolling analyses may apply differently depending on the commencement date utilized. Equitable tolling does not apply to assertions of difficulty in obtaining the factual predicate for a claim because the commencement date of the statute of limitations already takes such assertions (if true) into account.

\\\\\

III. Discussion

    A. Claims 2, 3, 4 and 5

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On direct appeal, petitioner raised the following claims: 1) ineffective assistance of counsel for calling two witnesses who offered only inculpatory evidence; 2) jury instruction error regarding CALJIC 2.92; 3) jury instruction error regarding interpretations of Punjabi speaking witnesses. Petitioner's Exhibit D. Petitioner's state habeas petitions raised his other two claims: 1) ineffective assistance of counsel based on counsel's failure to present evidence that would have allowed the jury to interpret dispatch logs; 2) ineffective assistance of counsel based on counsel's failure to advise petitioner of his right to testify.

Petitioner's conviction became final on April 15, 2003, ninety days after the California Supreme Court denied petitioner's petition for review on January 15, 2003. Respondent's Lodged Document No. 1; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("hold[ing] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-

day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). Petitioner had until April 15, 2004, to file a timely federal petition. It is clear that all of petitioner's claims in this section are not timely unless petitioner is entitled to statutory or equitable tolling, in that the federal petition was not filed until August, 2005.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Statutory tolling would apply to claims raised on direct review even though the state petitions raised different claims. Statutory tolling by its terms applies to the "pertinent judgment" whenever a properly filed state petition attacks that judgment. The statutory tolling provision does not mandate that the direct review claims be filed federally prior to cessation of state habeas review on other outside-the-record claims.[1]

On March 5, 2004, petitioner filed a habeas corpus petition in the Sacramento County Superior Court. Respondent's Lodged Documents, no. 2. On March 30, 2004, the Superior Court denied this petition as untimely. Id., no. 3. On April 21, 2004, petitioner filed a habeas petition in the California Court of Appeal. Id., no. 4. On April 29, 2004, the California Court of Appeal denied this petition with a citation to In re Hillery, 202 Cal. App. 2d 293 (1962), which provides that under certain circumstances an application should first be made to the superior court. Respondent's Lodged Document No. 5. It appears that the California Court of Appeal was unaware of petitioner's petition filed earlier in Superior Court.

On May 6, 2004, petitioner filed another petition in the California Court of Appeal. Respondent's Lodged Document No. 6. This petition was denied on May 27, 2004,

---

[1] The language of § 2244(d)(2) is less than clear. It would appear that any habeas petition, no matter comprised on one claim or many, would always seek to upset the criminal judgment. The word "claim" in the statute would seem to be superfluous. Perhaps the word "claim" would apply to those situations, e.g., parole eligibility denial, in which no "judgment" per se is at issue.

without comment. Respondent's Lodged Document No. 7. On June 7, 2004, petitioner filed a petition in the California Supreme Court. Respondent's Lodged Document No. 8. On June 29, 2005, the California Supreme Court denied this petition without comment. Respondent's Lodged Document No. 9.

In Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1812 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Because the Superior Court denied petitioner's habeas petition as untimely, petitioner is not entitled to statutory tolling for the time his state habeas petitions were pending.

Petitioner seeks to avoid Pace by several assertions: one should not use the "look back" provisions of Ylst v. Nunnemaker, 501 U.S. 797, __ S. Ct. __ (1991), somehow the rules of procedural default apply to a federal tolling analysis, and that the state court "got it wrong" when it applied state timeliness rules. None of these assertions has merit.

First, Bonner v. Cary, 425 F.3d 1145 (9th Cir. 2005) as amended 439 F.3d 993, specifically applied the "look back" provisions in order to determine whether Pace should be applied. Footnote 6 in the amended opinion makes this expressly clear. Thus, in this case, the state superior court decision explaining that the first habeas petition was untimely infects all of the silent denials. It is true that the first appellate habeas decision was not silent. It cited to In re Hillerey which is itself a statement that the first appellate habeas petition was "not properly filed" with the appellate court. When the factual misunderstanding about the prior superior court filing was rectified with the information that a superior court filing had been made, the silent denial by the appellate court of the second habeas petition can only be understood as an adoption by the appellate court of the superior court's decision. Thereafter the silent decision by the state supreme court must be seen as an adoption of the lower courts' decisions.

To the extent petitioner believes that the rules guiding federal court review of procedural default apply in the tolling context, one can only find that such is not correct given the

1 rule of Pace: the state court's ruling is "the end of the matter." Although concepts of procedural
2 default are certainly similar to the concepts not permitting tolling because of a state court
3 procedural ruling, the Supreme Court has chosen not to treat the two areas similarly.

4 Finally, to the extent that petitioner argues that the state superior court "got it
5 wrong – that is a wrong without a right as far as petitioner is concerned. It would hardly be "the
6 end of the matter" if the federal court was tasked with reviewing the correctness of the state court
7 ruling under state law.

8 In sum, no statutory tolling can save Claims 2-5. The statute of limitations on
9 these claims expired on April 15, 2004, and there is no statutory tolling. The federal petition
10 filed August 2, 2005 is over a year late.

11 Neither can petitioner claim equitable tolling for claims 2-5. In Calderon v. U.S.
12 District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds,
13 Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds,
14 Woodford v. Garceau, ___U.S.___, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found
15 that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a
16 prisoner's control made it impossible to file the petition on time. See also Roy v. Lampert,
17 __F.3d__, 2006 WL 1897100 (9th Cir. 2006). Equitable tolling is "unavailable in most cases."
18 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger
19 equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v.
20 Castro, 292 F.3d 1063, 1066 (9th Cir. 1998).

21 All of claims 2-5 involve matters of record at the trial of petitioner's case – even
22 the claims labeled as ineffective assistance of counsel. Petitioner has advanced no compelling
23 reason why he should not have filed his federal petition within a year after his conviction became
24 final. The fact that petitioner alleges that the state courts made a mistake in their timeliness
25 decisions, or that petitioner made a legal error in waiting as long as he did to file the first habeas
26 petition are not extraordinary reasons to toll the statute of limitations. If the rule of Pace could be

that easily avoided, i.e., simply label the attack on the state court decision as one involving equitable tolling and not statutory tolling, such avoidance is simply an unseemly quibbling with the Supreme Court. The "end of the matter" subsumes arguments of equitable tolling attacking the state court's decision on the matter.

B. <u>Claim 1</u>

As previously highlighted in the Issues section, Claim 1 regarding the dispatch records has a different commencement date for the statute of limitations. However, that commencement date, December 2003 does not assist petitioner because the new federal limitations expiration date of December 2004 remains months before the federal petition was filed in 2005. And, all of the state habeas petitions, which were "improperly filed," still cannot work to toll any period within the limitations period.

Petitioner alleges that in December 2003 petitioner's present counsel discovered the factual basis of his ineffective assistance of counsel claim based on counsel's failure to present evidence regarding the dispatch logs. Assuming that the limitations period for this claim ran from December 2003, pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner's federal petition raising this claim was due on or before December 2004. Accordingly, this claim is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner is not entitled to statutory tolling with respect to his ineffective assistance of counsel claim based on counsel's failure to present evidence regarding dispatch logs for the same reasons he is not entitled to statutory tolling regarding the claims raised in his direct appeal. Once the Superior Court denied his habeas petition as untimely, that was the "end of the matter for purposes of § 2244(d)(2)." <u>Pace v. DiGuglielmo</u>, ___ U.S. ___, 125 S. Ct. 1807, 1812 (2005).

Petitioner argues that he is entitled to equitable tolling because he faced "extraordinary obstacles" in obtaining the factual bases of his ineffective assistance of counsel claim based on counsel's failure to present evidence regarding the dispatch logs. Petitioner states

7

that during trial prosecution witness Timbale testified inaccurately regarding her interpretation of the logs. Petitioner's present counsel argues that he had no reason to doubt her testimony until he happened to discuss the logs with Chuck Moody, the dispatch supervisor of the Sacramento Municipal Fire District, in December 2003. Petitioner argues that this delay constitutes an extraordinary circumstance that justifies equitable tolling.

As discussed above, the statute of limitations for petitioner's ineffective assistance of counsel claim based on counsel's failure to present evidence regarding the dispatch logs ran from the time petitioner's counsel had his conversation with Mr. Moody in December 2003. Therefore, petitioner's delay in discovering the factual basis of this claim did not actually cause petitioner to file an untimely federal petition raising this claim. In other words, the statute of limitations has already taken into account petitioner's difficulties in obtaining the information for Claim 1. Double counting it, or extending such time into the indefinite future so that the federal petition will be considered timely does not make sense in light of the statutory prohibition in place which precludes the statute of limitations from running until such time that counsel had the factual wherewithal to understand the claim. For this reason, petitioner is not entitled to equitable tolling as to this claim on this ground.

Petitioner next argues that he is entitled to equitable tolling because the Superior Court's decision finding his petition untimely was erroneous and shocking in light of California law.

The Superior Court found the petition untimely because it was filed more than one year after the remittitur issued. Respondent's Lodged doc. 3. Citing In re Clark, 5 Cal. 4th 750, 774-775 (1993), the state court went on to find that the exceptions to the untimeliness bar were not applicable.[2] Id. Petitioner argues that no California case, statute, rule of court, policy or

---

[2] "An untimely state court habeas petition is an abuse of the writ of habeas corpus, and if unjustified, is barred from habeas corpus review unless (1) it alleges facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction, or 2) the petitioner is presenting newly discovered claims after

guideline provides that a petition is untimely merely because over one year has passed since the remittitur has issued. Petitioner argues that such rule provided no notice regarding what was required of petitioner to ensure federal review of his claims.

      The superior court's alleged misapplication of state law in finding petitioner's state habeas petition untimely does not constitute an extraordinary circumstance which prevented petitioner from filing a timely petition. As discussed above, in <u>Pace</u> the Supreme Court made clear that for purposes of statutory tolling, the denial of a habeas petition by a state court as untimely was the end of the matter. In other words, in evaluating statutory tolling, the Supreme Court made clear that federal courts were not to analyze the state court's application of their timeliness rules. It makes no sense to apply this rule to statutory tolling but not equitable tolling. If federal courts could review state court timeliness rules in the context of equitable but not statutory tolling, the Supreme Court's finding that a state court's denial of a habeas petition as untimely was the "end of the matter" would have no meaning.

      For these reasons, the court finds that petitioner is not entitled to equitable tolling as to his ineffective assistance of counsel claim based on counsel's failure to present evidence regarding the dispatch logs based on the state court's alleged misapplication of state law.

IV. <u>Other Issues</u>

      Finally, in his opposition petitioner argues that sections of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) are unconstitutional in that they violate the separation of powers doctrine. In particular, petitioner cites 28 U.S.C. § 2254(d)(1) which sets forth the standards by which federal courts review state court proceedings. Petitioner also cites 28 U.S.C. § (e)(1) and (2) which set forth the standards for evaluating state court factual determinations as well as the standard by which federal petitioners may obtain evidentiary hearings.

\\\\\

---

demonstrating due diligence." <u>Id.</u>

1       "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." County Court of Ulster County v. Allen, 442 U.S. 140, 154-55, 99 S. Ct. 2213 (1979). Petitioner lacks standing to challenge the sections of AEDPA cited above because none of them have been applied to petitioner.[3] Accordingly, the court need not consider these arguments.

      Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 16, 2005, motion to dismiss be granted and this action be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/1/06

      /s/ Gregory G. Hollows

      _____
      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

ggh:kj
har1546.mtd(2)

---

[3] In Duhaime v. Ducharme, 200 F.3d 597 (9th Cir. 2000) the Ninth Circuit rejected the claim that AEDPA violates Article III.